## MILWAUKEE BRONZE CASTING CO. v. AVERY et al.

(Circuit Court of Appeals, Seventh Circuit.   October 7, 1913.)

No. 1986.

1. Patents (§ 21*)—Invention—Substitution of Materials.

In the absence of some, not only better, but new, result, patentability cannot be predicated upon the material used.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 23;  Dec. Dig. § 21.*]

2. Patents (§ 23*)—Invention—Uniting of Parts.

The substitution of a one-piece device for a two-piece device does not constitute invention, unless some new result, and not a mere difference in degree, is thereby obtained.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 25;  Dec. Dig. § 23.*]

3. Patents (§ 328*)—Invention—Reflector for Automobile Lamps.

The Avery patent No. 986,668, for a reflector for automobile lamps of cast metal, *held* void for lack of patentable invention, in view of the prior art.

Appeal from the District Court of the United States for the Eastern District of Wisconsin; Arthur L. Sanborn, Judge.

Suit in equity by Percy C. Avery and the American Brass Foundry Company against the Milwaukee Bronze Casting Company.   Decree for complainants, and defendant appeals.   Reversed.

This cause is here on appeal from the order of the District Court adjudging Avery patent No. 986,668, dated March 14, 1911, for a reflector for automobile lamps to be valid and infringed.   The patent calls for a cast metal, as, for instance, aluminum, reflector, so made as to provide a parabolic curve to the reflecting surface, having a flange concentrically with its axis cast upon its outer rear surface, together with attaching lugs cast integrally upon its outer surface, as shown in the following reproduction of figure 2 of the patent:

The patentee claims for his device a reflector which is so rigid as to resist ordinary blows and other indenting means, the production of a true parabolic reflecting surface, a flange housing for his electrical attachments, and one which can also be used as a handle in holding the reflector for purposes of brushing and polishing the inner surface.   As originally presented the application covered the process of polishing the reflector.   This part of the application was abandoned in the patent office. Original claims 1, 2, and 3 called for a cast metal reflector having an integral polished surface.   Claims 2 and 3 were limited to the use of aluminum.   Claim 4 added the integral lugs.   These claims were rejected by the patent office, which rejection was acquiesced in by the patentee.   In this connection the examiner says:

"McMullin shows a cast metal reflector for lamps.   Owen shows a reflector for lanterns, which may be of metal or glass.   If made from the latter material it must be cast, if made from the former material it would naturally, because of its form, be cast, though it would not necessarily be made in this manner.   Reflectors having a parabolic reflecting surface are well known. Richards describes the casting of aluminum and the making of reflectors from aluminum by polishing the metal.   It is common in the art to have lugs upon

the exterior surface of a reflector for the purpose of supporting the reflector. The article defined by claims 1 to 4, inclusive, does not comprise any new element nor any old element acting in a new way. Metal reflectors having integral, polished, reflecting surfaces are the oldest artificial reflectors known. Applicant has merely selected from what was previously well known, the particular elements which he desired to use and brought them together in an article. but without accomplishing any new result."

Original claim 5 became present claim 1. The present claim 2 was added to include the integral lugs. The two read as follows:

"1. A cast metal reflector for lamps having a circular flange concentrically cast on the outer surface thereof, and having an integral polished reflecting surface.

"2. A cast metal reflector for lamps having attaching lugs cast integral therewith, said reflector having a circular flange concentrically cast on the rear outer surface thereof and having an integral polished reflecting surface."

Appellant's device differs from that in suit mainly in the matter of the concentric flange, which, in appellant's device, consists of a mere shoulder or bead upon which to screw or otherwise secure an external shell or housing in the form of a cap, which in appearance resembles the flange of the patent, when covered with its cap piece.

There is some evidence to show that appellant agreed to manufacture the patented device for appellee under an agreement not to manufacture for any one else. This was prior to the granting of the patent. Appellant thereupon undertook to manufacture for appellee, but its work was not accepted by appellee. The bill joined with the prayer for relief against infringement a prayer for relief against unfair competition. In support of this latter feature the bill sets out the close resemblance of the one reflector to the other. Appellant, by way of defense, while setting up a number of patents of the prior art, relies mainly on Perry patent, No. 650,418, dated May 29, 1900, for a casing and lamp socket for portable lamps, figure 3 of which is as follows, viz.:

This patent was not cited by the examiner.

For the purposes of this comparison, appellant treats the Perry reflector as separated from the shell or protection, as shown by the following cut, viz.:

This Perry reflector is not made of cast metal. It is so arranged as to permit the lamp to be accurately focused within its reflector casing. Patent No. 38,498, for attachment to lanterns and reflectors, granted to W. C. Owen May 12, 1863, shows a reflector made of metal or glass. The Fielding patent, No. 576,013, dated February 2, 1897, and the Tilmann patents, Nos, 524,075 and 524,076, for reflectors for lamps, dated August 7, 1894, call for parabolic reflecting surfaces. The prior use of

aluminum and certain alloys as reflecting surfaces for reflectors is shown by Richards' publication in 1896 and by Brandt in 1908.

Appellant contends that, having acquiesced in the rejection by the examiner of claims 1 to 4, appellee is now limited to the combination of the metal reflector having a polished reflecting surface and a concentrically cast flange and integral lugs on its outer surface, and that such a device was old in the art, and involved no patentable novelty, and that the patent was invalid. It also denies infringement.

Leverett C. Wheeler, of Milwaukee, Wis., for appellant.

George L. Wilkinson, of Chicago, Ill. (J. H. Marshutz, of Milwaukee, Wis., of counsel), for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). Whatever invention there may have been in original claims 1, 2, 3, and 4 was distinctly waived by the proceedings in the patent office. Hubbell v. United States, 179 U. S. 77, 21 Sup. Ct. 24, 45 L. Ed. 95. We are of the opinion, however, that said claims involved no invention, and were properly disallowed. The only question now presented is whether the combination including the concentrically cast flange and the integral lugs added patentable novelty to the device independently of the subject-matter of the rejected claims.

[1] The use of aluminum or other metal, whether cast or forged, even had that use been new, was not determinative of the question of invention. In the absence of some, not only better, but new, result, patentability cannot be predicated upon the material used. See Walker on Patents (4th Ed.) § 28, and cases there cited.

[2] The patent in suit has only to do with reflectors as such, and does not cover the electrical attachments. Perry's sheet metal reflector is practically the same as Avery's, differing only in the material from which it is made and the two-piece flange, concentric with its axis. Ordinarily it is not invention to substitute a one-piece device for a two-piece device. It is only when some new result, not a mere difference in degree, is thereby obtained. Where the prior art already suggests the idea of a device as to form and character of operation and result, mere improvements as to the material used and as to durability and effectiveness do not attain to the dignity of invention. Gardner v. Herz, 118 U. S. 180, 6 Sup. Ct. 1027, 30 L. Ed. 158; Florsheim v. Schilling, 137 U. S. 64, 11 Sup. Ct. 20, 34 L. Ed. 574; Brinkerhoff v. Aloe, 146 U. S. 515, 13 Sup. Ct. 221, 36 L. Ed. 1068; Gates Iron Works v. Fraser, 153 U. S. 332, 14 Sup. Ct. 883, 38 L. Ed. 734.

[3] Appellant has adopted the device of the Perry patent as to form and idea, and carried it out in cast metal. If the appellee's cast metal concentric flange is the equivalent of a two-piece flange, then it would seem that Avery is anticipated by Perry.

We are of the opinion that there was not invention involved in the conception of the cast metal reflector of Avery, in view of the state of the art. His improvements were only such as would occur to one skilled in the art in attempting to meet the demands of the automobile trade. It was not invention to make in one part the housing cap, which had theretofore been made in two. Nor was there required

any inventive skill in casting lugs upon the outer surface of the reflector. The metallic reflector with its polished reflecting surface itself suggested the use of this common expedient. It constituted no new use.

With regard to the matter of unfair competition, it does not appear that appellee had any trade built up on his form of reflector. Nor does it appear that his reflector had any features which were distinctive, or that appellant could have given its reflectors any other or distinctive features without departing from the ordinary form of a reflector. No attempt is disclosed on appellant's part to imitate appellee's device for the purpose of securing trade. The form used may well have been incident to the use of the cast metal reflector. We are unable to see what bearing appellant's undertaking to manufacture reflectors for appellee has upon the question of unfair competition.

For these reasons, the decree of the District Court is reversed with direction to dismiss the bill for want of equity.