JAMES CLARK, JR., ELECTRIC CO. v. UNITED STATES ELECTRICAL TOOL CO. et al.

(District Court, N. D. Illinois, E. D.   October 12, 1914.)

No. 59.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—PORTABLE DRILL.

The Willey patent, No. 750,744, for a portable drill, claim 2, which is very narrow and specific, as was required by the prior art, *held* valid, as disclosing invention, but not infringed.

In Equity. Suit by the James Clark, Jr., Electric Company against the United States Electrical Tool Company and the Schneider Sales Company. On final hearing. Decree for defendants.

Sheridan, Wilkinson & Scott, of Chicago, Ill., for plaintiff.

Rector, Hibben, Davis & Macauley, of Chicago, Ill., for defendants.

SANBORN, District Judge. Suit upon claim 2 of the James F. Willey patent, No. 750,744, issued January 26, 1904, for a portable drill, as follows:

"2. A motor hand-drill comprising the armature and field-magnet of an electric motor, a casing, a drill-spindle, and gearing connecting the same with the said armature, the said casing comprising three members arranged in line with each other and longitudinally bolted together, each of the end members having a bearing for the said armature, one of the said members carrying the drill-spindle, the bearing therefor in the said member being arranged to one side of the armature-bearing, the other of said end members provided with an operator's body-piece arranged in line with the said drill-spindle, and the middle member supporting the field-magnet of the electric motor, whereby upon disconnection of the three casing members the drill-spindle and gear thereupon will be removed with one of the said end members, and the body breast-piece with the other of said members, permitting free removal of the armature and free access to the field-magnet supported by the middle member."

The defenses pleaded and urged on the hearing are invalidity of the patent, noninfringement, and laches. The first one of the patent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

drills was made between April 28, 1901, and June 17, 1901, when the drill was photographed. Patent was applied for March 5, 1903.

The claim in suit was made very narrow and specific, which was necessary in view of the prior art. Counsel for complainant in their brief say:

"When we compare the Willey patent structure with the 30 or more patents of the prior art, and the half dozen Kimman drills that were discussed by defendants' expert, we see that it is much simpler in construction than any of them. * * * Evidently the inventor, Willey, was not the first to think of the desirability of an electric drill, for not less than 10 of the patents referred to by Mr. Haesseler purport to show electric drills. But we maintain that Willey was the first to invent a practical and successful electric drill; the fact is well established that he was the first to put such a drill on the market. Of course, drills were old in the prior art—drills operated by hand and operated by power, as from a flexible belt. To drive an old drill by an old electric motor would not be invention, unless some peculiar simplification or combination of elements were effected."

Mr. Carter, complainant's expert, also says:

"Now, the construction, as I understand it, which is set forth in claim 2 is not merely the application of electric power to a drill, but it is a specifically convenient tool, convenient in structure, convenient and simple in structure and for purposes of manufacturing, convenient to take down and inspect and repair and to restore after such inspection, convenient to manipulate when completed, and offering those advantages which come from offsetting the spindle, the drilling spindle, so as to get the drilling spindle at one side, particularly for work in corners and up against closely adjacent surfaces."

It is urged that the patent is a valid one for the same reasons which influenced the Supreme Court in the case of the Grant tire. Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527. The patent in that case was a highly specific one, as in this, but the difference between them is that the Grant tire was the final form in which it was possible to produce a rubber tire for vehicles. It cannot be practically departed from in any possible way. The Supreme Court said of the Grant tire that the coaction of its parts was so dependent upon their shape and relation that any alteration destroys their co-operation and the utility of the tire. This seems to be one of the chief reasons why the patent in that case was sustained.

However, the patent in this case may be sustained as a specific development in an old art, so that any later machine made exactly in the form of the Willey drill might be held an infringement. It may be said that Willey discovered deficiencies in the prior devices and pointed out the means of overcoming them, and that this was an exercise of the inventive faculty. General Electric Co. v. Sangamo Electric Co., 174 Fed. 246, 98 C. C. A. 154.

On the question of infringement it appears that the Willey drill and the Smith drill, which is used by defendants and claimed to be an infringement, were produced about the same time. It is clear, however, from the testimony, that the Willey drill was complete as early as the 17th of June, 1901, while the testimony in regard to the Smith drill is not clear enough to make it earlier than this date. The defendants' drill is slightly different from complainant's. The front

head is not secured directly to the main casing, but a disk or circular plate is interposed between it and the casing. The function of this disk is to support the armature shaft, and also to form a grease or lubricant chamber for the gearing. Then as to that part of the drill which is held against the body, the device of defendants has a body-piece which is not integral with the back head, but consists of a handle which is secured to the head in line with the armature axis, and adjustable on the head, so that the handle or body-piece can be turned to any position desired in operation. Thus the body-piece may be brought in defendants' machine out of line with the drill-thimble, while in the Willey drill it is always in such direct line.

It is true that these differences are not very great, but the patent in suit is so narrow that I think they should be held to distinguish it. I think, also, that this is a case where two persons have adopted different forms of a device in a highly developed art, and that each is entitled to his own specific form.

The question of validity is, indeed, a very doubtful one. See Milwaukee Bronze Casting Co. v. Avery et al., 209 Fed. 616, 126 C. C. A. 572; Standard Electric Works v. Manhattan Electrical Supply Co., 212 Fed. 944, 129 C. C. A. 464.

There should be a decree dismissing the bill for want of equity.